Kidane Tesfaldet KELIT, Petitioner,

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–73512.

Agency No. A77–977–221.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 16, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

James R. Patterson, Attorney, San Diego, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Richard M. Evans, Esq., Carl H. McIntyre, Jr., Washington, DC, for Respondent.

Before GOODWIN, WALLACE and TROTT, Circuit Judges.

## MEMORANDUM**

Kidane Tesfaldet Kelit, a native and citizen of Eritrea, petitions for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal and for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the denial of asylum for substantial evidence and may reverse only if the evidence compels a contrary conclusion. *Lata v. INS,* 204 F.3d 1241, 1244–45 (9th Cir.2000). We deny the petition.

Substantial evidence supports the IJ's finding that petitioner failed to establish past persecution or a well-founded fear of future persecution. Petitioner was never arrested, interrogated, or detained in Eritrea and he was not politically active in Eritrea. Because pressure from a colleague to join a government party alone does not rise to the level of past persecution or establish a well-founded fear of future persecution, petitioner fails to establish an asylum claim. *See Nagoulko v. INS,* 333 F.3d 1012, 1016–18 (9th Cir.2003) (holding that alien was teased and harassed based on her religious beliefs, but that it did not rise to the level of persecution, and that fear of future persecution was too speculative).

Because petitioner failed to establish eligibility for asylum, it follows that he failed to establish eligibility for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

In addition, petitioner does not make out a CAT claim because he failed to demonstrate it was more likely than not that he would be tortured if he returned to Eritrea. *See Kamalthas v. INS,* 251 F.3d 1279, 1283 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.